

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jno. Q. McAdams, Commissioner,
Department of Banking
Austin, Texas

Dear Mr. McAdams:       Opinion No. O-4410

                   Re:  Procedure for forfeiture of
                         charters of banks which have
                         been actually liquidated with-
                         out such forfeiture.

       We beg to acknowledge receipt of your letter dated
March 26, 1942, as follows:

      "This Department, and presumably the Secre-
tary of State, is maintaining a record on many
State banks that have heretofore gone into vol-
untary liquidation, but have not submitted in-
struments whereby this Department can certify
to the Secretary of State that the corporate
right to do business should be cancelled.

      "Articles 530 and 548 set out the provis-
ions relating to a voluntary liquidation of a
bank, the requirements being seven in number:

      "1.  Directors' resolution declaring it
           expedient and desirable to close
           the business of the bank.

      "2.  Notice of stockholders' meeting.

      "3.  Publisher's certificate of notice.

      "4.  Certificate of resolution to dissolve
           bank.

      "5.  Notice of voluntary liquidation to
           creditors.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"6. Publisher's certificate of notice.

"7. Final dissolution certificate.

"Many of our State banks have been in liquidation for a period of years, but as indicated above have not followed the statutory procedure looking towards final dissolution of their corporate franchise, and in many, many cases it is impossible for the procedure hereinabove outlined to be followed.

"It has occurred to us, therefore, that a plan should be instituted that will enable banking institutions that have distributed all assets of every nature and kind to their shareholders and discharged all liabilities of every nature and kind, to file an affidavit to that effect and such affidavit used as a basis to obtain judicial decree forfeiting or cancelling the individual bank's right to do business. It is our thought that we could obtain in many, many cases an affidavit of the nature mentioned above, which we would like to transmit to you with the request that suit be brought to forfeit and/or cancel the charter of such banks as may be in a position to furnish such an affidavit.

"We feel that it is very important that banks that have no assets or liabilities be removed from our active records and would appreciate an expression from you as to whether or not the procedure outlined herein meets with your approval. If your advice is in the affirmative we will then proceed to contact the held-over officers and/or boards of directors of the banks completely liquidated and obtain from them the necessary affidavit to support your petition to the Court, and/or suit to cancel the charters of the banks involved."

Article 4408, of the Revised Civil Statutes, authorizes the Attorney General to institute proceedings for judicial forfeiture of charters of private corporations. Enumerated grounds for such procedure are "the non-performance of its charter conditions for any violation of its charter, or by any act or omission, misuser or non-user, forfeiting its charter or any rights thereunder."

This statute, we think, is sufficient to authorize suits in cases such as you state.

Upon receipt of sufficient data with respect to such instances of forfeiture through non-user, this Department will take such steps as to it seems advisable in the particular case.

APPROVED APR 14, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

